IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RALPH RAY TENNANT,

    Petitioner,

v.                                Civil Action No. 1:04CV251
                                                (STAMP)
THOMAS MCBRIDE, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING**
**REPORT AND RECOMMENDATION**

I. <u>Procedural History</u>

On December 6, 2004, petitioner, Ralph Ray Tennant ("Tennant"), filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2254. The Court referred the motion to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). The case was assigned to the undersigned judge on April 4, 2005.

On February 14, 2005, the respondent filed an answer to Tennant's § 2254 motion concurrently with a motion to dismiss or for summary judgment. Tennant responded to the motion to dismiss or for summary judgment on March 25, 2005.

On July 11, 2005, the magistrate judge entered a report recommending that the respondent's motion to dismiss or for summary judgment be granted and Tennant's § 2254 motion be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file

written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Tennant filed timely objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because objections have been filed, this Court has made an independent de novo consideration of all matters now before it, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Facts

On May 26, 2000, a jury in the Circuit Court of Monongalia County, West Virginia found Tennant guilty of four counts of first degree sexual assault. The court sentenced him to 15 to 35 years imprisonment. Tennant appealed his sentence to the Supreme Court of Appeals of West Virginia. The Supreme Court of Appeals refused his petition for appeal on May 24, 2001. On April 16, 2002, Tennant filed a pro se petition for a writ of habeas corpus in the Circuit Court of Monongalia County. The court appointed him counsel and he filed a supplemental petition. The court denied his petition on its merits without an evidentiary hearing on March 23,

2004. Tennant is currently incarcerated at the Mount Olive Correctional Complex.

III. Discussion

In his § 2254 motion, Tennant contends: (1) his constitutional rights were violated at his trial by the prosecution's introduction of perjured testimony from a police officer; (2) the prosecution committed misconduct and reversible error by introducing suppressed evidence during closing arguments; and (3) insufficient evidence existed for a jury to convict him of the alleged crimes.

The magistrate judge found that Tennant failed to demonstrate that the state court arrived at a conclusion that is contrary to or an unreasonable application of federal law, or that the state court unreasonably determined the facts when analyzing his claims. This Court will address each of the magistrate judge's findings in turn.

A. Inconsistent Testimony of Police Officer

First, the magistrate judge found that Tennant failed to submit evidence that the inaccurate statements made by Officer Dan Shane during the grand jury process were material to the return of the indictment or the outcome of his case.[1] The magistrate judge noted that Officer Shane admitted to the inconsistencies during the

---

[1] Officer Shane testified to the grand jury that James Johnson ("Johnson"), an individual who lived at the victims' home, told Officer Shane that the victims made statements to Johnson regarding the nature of the assault. At trial, Officer Shane testified that Johnson only told him that he found the girls undressed in a room with Tennant, and that no one had spoken with the girls before the investigation began.

3

trial and that the jury had the ability to take that information into account during deliberations.

Tennant objects to this finding on the grounds that the state courts' findings are not an accurate depiction of what occurred at trial. Tennant argues that it was not the prosecution that brought up Officer Shane's inconsistencies at trial, but instead was Tennant's attorney. Further, Tennant claims that the misstatements made by Officer Shane materially affected the return of the indictment and the outcome of the case.

In order to successfully prove that the indictment was constitutionally infirm, Tennant must demonstrate that "the structural protections of the grand jury [were] so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice." Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988). Tennant has not done so in this case. While he repeatedly notes the fact that Officer Shane's grand jury testimony was inaccurate, he makes no showing that these misstatements were of such a foundational and serious nature as to make the entire proceeding unfair. This Court agrees with the magistrate judge that the inaccurate information given by Officer Shane during the grand jury phase was not so severe as to cause a fundamental defect in the return of the indictment or the grand jury process. The alleged statements made by the victims to Johnson were not the crux of the case and were not so essential to

4

the return of the indictment as to make the process hopelessly corrupt.

Moreover, Tennant has presented no evidence that the inconsistencies between Officer Shane's grand jury and trial testimony affected the outcome of his trial. Officer Shane was cross-examined regarding his inconsistencies and the jury had the opportunity to evaluate his credibility. The question of whether the inconsistencies were revealed by the prosecution or the defense is irrelevant.

Given these findings, this Court agrees with the magistrate judge that the inconsistencies in Officer Shane's testimony before the grand jury and at trial were not material to the return of the indictment or the outcome of Tennant's case, and that the state courts' findings were not unreasonable.

B. <u>Discussion of Suppressed Statements During Closing Arguments</u>

Next, the magistrate judge found that the prosecution's mention of suppressed statements during closing arguments was not prejudicial.[2] The magistrate judge based this finding on the

---

[2] The prosecution made the following statements during closing argument:

> But when I tried to ask Lieutenant Shane what did the girls tell you, do you remember that, and there was an objection, they didn't want you to hear what the girls had told early that morning to Lieutenant Shane. . . . and the reason why they didn't want you to hear that is because it was entirely consistent, and if it weren't consistent, don't you think that would have been presented to you in this case . . .

Resp. Ex. 10 at 254.

5

following factors: (1) the prosecution did not discuss the content of the statements which had been ruled inadmissible by the trial court, but merely referred to their consistency; (2) the trial court gave a curative instruction; and (3) the prosecution did not repeat the error.

Tennant objects on the grounds that the statements made by the prosecution "were highly improper and prejudicial and the petitioner has demonstrated he was prejudiced by this statement." Pet'r's Objections at 13. Tennant argues that these statements "plant[ed] a seed of credibility in the jurors minds" regarding the prosecution's witnesses. <u>Id.</u>

This Court finds no merit in this argument. The comments were not significantly prejudicial to Tennant's case, given the fact that the prosecutor did not divulge the substance of the excluded statements. The prosecutor noted only that the defense had objected to the prosecutor's questioning of Officer Shane regarding the victims' statements to him, and asked the jury to draw a conclusion from that objection. In response, the trial court properly gave the jury a limiting instruction that they were not to consider any excluded statements or to make decisions based on speculation. This Court finds that the trial court's action was sufficient to neutralize the effect of the prosecutor's comments. Thus, Tennant has failed to show that the inappropriate statements rendered his trial fundamentally unfair.

C. <u>Sufficiency of the Evidence</u>

Finally, the magistrate judge found that the testimony of the two child victims in the case was sufficient to support the verdict. He noted that it was not the duty of a federal court to evaluate the credibility of witnesses in state proceedings, as that is solely within the purview of the jury.

Tennant argues that the testimony of the victims is insufficient because they were coached by the police and prosecution. Tennant requests that this Court independently evaluate their credibility by appointing experts. Further, Tennant claims that the corroborative testimony of Catherine Rosinski, a nurse practitioner, contradicts previous findings from a medical doctor and is "very subjective and pro-prosecution." Pet'r's Objections at 14.

This Court finds that Tennant's objections lack merit. First, as noted by the magistrate judge, "this court is bound by the 'credibility choices of the jury.'" <u>United States v. Sauders</u>, 886 F.2d 56, 60 (4th Cir. 1989). Thus, this Court lacks the power to re-evaluate the credibility of the victims or to appoint experts for such an analysis. It was also within the province of the jury to evaluate the credibility of Catherine Rosinski and to weigh her testimony against the other evidence presented. Overall, this Court is satisfied that the record reflects sufficient evidence to allow a reasonable jury to convict. Accordingly, the state court's

findings were not unreasonable determinations of the facts or an unreasonable determination of federal law.

## IV. Conclusion

This Court finds that the magistrate judge's conclusions were correct and the petitioner's objections are without merit. Accordingly, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. For the reasons stated above, the respondent's motion to dismiss or for summary judgment is hereby GRANTED and Tennant's § 2254 petition is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record

herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   August 15, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE